101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
John E. LUCAS, Plaintiff-Appellant,
v.
OXIGENE, INC., Defendant-Appellee.
 No. 95-7923.
 United States Court of Appeals,
 Second Circuit.
 March 26, 1996.
 
 APPEARING FOR APPELLANT: David Otis Fuller, Jr., Bosworth, Gray & Fuller, Bronxville, New York.
 APPEARING FOR APPELLEE:W. Bruce Johnson, Battle Fowler LLP, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 PRESENT: WILFRED FEINBERG, RICHARD J. CARDAMONE, and J. DANIEL MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Plaintiff-appellant John E. Lucas appeals from a judgment entered September 5, 1995 upon an order granting defendant-appellee Oxigene, Incorporated ("Oxigene") summary judgment dismissing Lucas' complaint. Lucas alleged that he was fraudulently induced to enter into a substituted contract for employment-at-will, that as a result he was prevented from exercising options to purchase 160,000 shares of Oxigene's common stock in accordance with the terms of his prior contract of employment, that he was subjected to undue influence, and that Oxigene was unjustly enriched. On appeal, Lucas argues primarily that the merger provisions contained in his employment contract should not preclude evidence that certain oral assurances by Oxigene fraudulently induced him into signing the contract.
 
 
 4
 2. We affirm the judgment of the district court substantially for the reasons set forth in its amended opinion and order. See Lucas v. Oxigene, Inc., No. 94 Civ. 1691(MBM), slip op. (S.D.N.Y. Sept. 1, 1995).